FRANKLIN KNITTING MILLS, Respondent, *v.* ISIDOR H. MEYERSON, Appellant.

First Department, May 27, 1921.

Pleadings — bill of particulars — action on promissory notes — counterclaim on breach of contract of sale of goods — bill of particulars stating that orders for goods were in writing — letters referring to oral orders admissible.

In an action on promissory notes the defendant interposed a counterclaim based on a breach of contract of the sale of goods and in a bill of particulars furnished by him stated that the orders for the goods were in writing. *Held*, that it was error to refuse to admit in evidence letters written by the defendant to the plaintiff which referred to oral orders given theretofore, and which were repeated in the letters, and to refuse to permit the defendant to testify to the oral orders on the ground that he was limited by his bill of particulars to written orders.

APPEAL by the defendant, Isidor H. Meyerson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of April, 1920, on the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 21st day of April, 1920, denying defendant's motion for a new trial made upon the minutes.

*Charles Goldzier* of counsel [*House, Grossman & Vorhaus,* attorneys], for the appellant.

*Otto C. Sommerich* of counsel [*Maxwell C. Katz* with him on the brief], for the respondent.

PAGE, J.:

The action was brought to recover upon four certain promissory notes made by the defendant in favor of the plaintiff for $1,800, each payable in four months. The answer contains a defense and counterclaim alleging that the Smart Set Specialty Clothing Co., Inc., was organized and incorporated by the plaintiff for the express purpose of manufacturing and selling garments to be made solely out of the goods manufactured by the plaintiff. The defendant entered into a contract with the plaintiff to purchase from it forty shares of the stock of the said Smart Set Specialty Clothing Co., Inc., of the par value of $50 each, for the sum of $10,000. The defendant then owned ten shares and thus secured the entire capital stock of the said corporation. The defendant agreed to pay for said stock the sum of $9,000, to be paid $1,000 in cash and $9,000 by giving five promissory notes for $1,800 each. The plaintiff further agreed in said contract to extend to the said corporation sixty days' credit in amount not to exceed $2,500, this provision to continue during the life of the contract so that the said corporation should at all times have standing a credit for merchandise of $2,500. The plaintiff also agreed as soon as possible after receiving orders, and in the usual course of business, to deliver to the said corporation on account of said credit knit cloth manufactured by the party of the first part of the quality, shades and prices therein specifically set out. The answer further alleges that the plaintiff has failed, refused and neglected to furnish to the Smart Set Specialty Clothing Co., Inc., the goods mentioned in said contract, although the same have been duly ordered and demanded, and that such goods as the plaintiff did furnish were of an inferior grade and defective both in workmanship and quality of material, and that the notes mentioned in the complaint were the notes mentioned in the contract. Damages are alleged in the sum of $50,000. There are other allegations of the answer that would be appropriate to a defense of fraud,

in that the representations that plaintiff would furnish and deliver the goods were made as an inducement to entering into the contract, and that at the time said representations were made the plaintiff had no intention of carrying them out.

The plaintiff moved for a bill of particulars of some seventeen different items. The defendant, without waiting for the motion to be granted, gave a very full bill of particulars which covered thirty-nine pages of the case on appeal. The particular point with which this appeal is concerned is the answer to the " 10th " and " 11th " demands. The " 10th " required the defendant to state when and where he " ordered and/or demanded the goods mentioned in said contract;" and the " 11th " whether the " order and/or demand " was in writing or oral, and if in writing, when and where made, and a copy thereof. In response to these demands the defendant stated:

" 10. The defendant, for the Smart Set Specialty Clothing Co., Inc., ordered the goods and demanded them through the medium of the mail, addressed to Franklin Knitting Mills, 511–519 East 72d Street, and also at the said address by calling there personally and having Rose H. Meyerson call personally at the office.

" 11. The said orders were in writing and the demands for their delivery were in writing and at times oral; the orders were addressed to the Franklin Knitting Mills, 511–519 East 72d Street, New York, and the demand, when in writing, was addressed to said address, and when oral was made either by the defendant herein or by Rose H. Meyerson at the plaintiff's address and was made to the President or Treasurer, and at times both, of the plaintiff corporation. Some of the orders and some of the demands are as follows:"

There followed copies of nineteen letters addressed to the Franklin Knitting Mills. When the defendant offered these letters in evidence the court, on the objection of the plaintiff, refused to receive them, on the ground that they referred to oral orders that had been theretofore placed, and refused to allow the defendant to testify to the oral orders because he was limited by a bill of particulars to written orders; and, of course, the defendant being unable to prove his counterclaim the court directed a verdict for the plaintiff. In this, I think, the learned trial judge was too technical; for, although many

of the letters did refer to orders that had been given theretofore, the orders were repeated in the written letters.

The respondent seeks to justify this ruling by citing cases that refer to oral contracts of sale where there has been a subsequent written confirmation. In such cases the courts have held that the oral agreement was the contract between the parties and that they were not limited by the terms of the written confirmation, but the contract was to be determined from the oral agreement. This rule is not, however, to be applied to orders. There can be only the one contract of sale, whereas there may be any number of repetitions of orders, each one of which would constitute in itself an order.

For this reason the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur:

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.